# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**　　　　　　　　　　　　　　　　　　　　　　　Tel: 718-740-1000
Email: abdul@abdulhassan.com　　　　　　　　　　　　　　　　　　　Fax: 718-740-2000
*Employment and Labor Lawyer*　　　　　　　　　　　　　　　Web: www.abdulhassan.com

December 9, 2020

**Via ECF**

Hon. Robert M. Levy, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Rivera v. Regal Recycling Co. Inc.**
　　　Case No.  20-CV-02355 (RJD)(RML)
　　　Motion for Settlement Approval

Dear Magistrate-Judge Levy:

　　　My firm represents plaintiff Fabio Rivera ("Plaintiff" or "Rivera") in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per this Court's orders.  Exhibit 1 is a copy of the fully executed settlement agreement.

　　　Plaintiff's claims in this action are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages and wrongful termination under the FLSA and NYLL as well as liquidated damages. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of NYLL 195.

　　　In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information during settlement discussions and between the first and second mediation sessions.

　　　Assuming, for settlement purposes only at this time, that Defendant overcomes any contrary presumptions, and the weekly wages were intended to cover all hours worked, Plaintiff's effective hourly rate would be about $27.77/hr. and he would be owed about $13.88 per overtime hour – or about $194.32/wk. Plaintiff was employed by Defendant from in or

around January 2019 until on or about April 27, 2020. The complaint in this action was filed on May 27, 2020. (See ECF No. 1). We therefore have unpaid wages of approximately $194.32/wk. x 66wks = $12,825.12.

In terms of the wrongful termination claims, Plaintiff would have incurred lost wages of about $1500/wk. minus unemployment insurance benefits of about $1,000-$1,300 a week for the 24 weeks or so since his termination – or about $8,400. Defendant may be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense.

Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

It is Defendant's position that Plaintiff was exempt under the Motor Carrier Exemption and is not entitled to overtime wages. Defendant also dispute the period of employment and work hours alleged by Plaintiff. In addition, Defendant strongly denies the allegations upon which the wrongful termination claims are based and maintain that Plaintiff was terminated because of COVID-19 related reasons. In general Defendant denies Plaintiff's allegations.

The total settlement amount is $32,500. (See Ex. 1 ¶ 2). Under the settlement, Plaintiff is due to receive $21,353 after costs and a 1/3 contingency fee.

Under the settlement agreement, Plaintiff's counsel is due to receive reimbursement of Four Hundred and Seventy-One Dollars ($471) in filing ($400), and service costs ($71), plus a 1/3 contingency fee of Ten Thousand, Six Hundred and Seventy-Six Dollars ($10,676).[1] (See Ex.

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court. He has argued a number of significant employment cases before the Second Circuit.").

1 ¶ 2(c)).  See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). See also *Fisher v. SD Prot. Inc.*, 18-2504-CV --- F.3d ----  2020 WL 550470 (2d Cir. Feb. 4, 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under *Cheeks*); *Drammeh v. TGS Washes, LLC et al*, Case No. 18-CV-05879 (Magistrate-Judge Levy - EDNY May 29, 2019)(1/3 fee of $8,714 under *Cheeks*); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – approving a 1/3 fee of approximately $26,000); *Palermo v. Efficient Staffing Solutions LLC et al*, 17-CV-00658 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $9,815 under *Cheeks*); *Vassell v. Village Plumbing & Heating, Inc. et al*, 17-CV-03510 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,815 under *Cheeks*); *Ortiz v. Threeline Imports, Inc. et al*, 17-cv-02411 (Magistrate-Judge Pollak – EDNY)(1/3 fee of $8,148 under *Cheeks*); *Myers v. Bowl 360 Inc. et al*, 16-CV-06684 (Magistrate-Judge Reyes – EDNY)(1/3 fee of $6,815 under *Cheeks*); *Harris v. O'Connell Protection Services, LLC et al*, 17-CV-02226 (Judge Feuerstein – EDNY)(1/3 fee of $10,315 under *Cheeks*); *Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826 under *Cheeks*)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *Domenech v. Parts Authority, Inc.* 15CV-3595, ECF No. 41, 42 (ILG - EDNY) (approving $35,000 in damages and $70,000 in fees and costs under *Cheeks*); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff will receive a lot less or nothing. Second, the settlement amount is not trivial in relation to the claims, especially in light of the legal and factual issues. Third, Defendant disputes the hours claimed by Plaintiff. Fourth, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**     **Defense Counsel via ECF**